United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| DIANA MELIKYAN *on behalf* | § |
| *of* ASHOT ARAKELIAN | § |
| | § |
| VS. | § CIVIL ACTION NO. 5:26-cv-236 |
| | § |
| WARDEN OF WEBB COUNTY | § |
| DETENTION CENTER[1] *et al.* | § |

## ORDER

Diana Melikyan initiated this habeas proceeding, allegedly on behalf of her brother, Ashot Arakelian (*see* Dkt. No. 1). Because Diana has not satisfied her burden to clearly justify next friend status, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

## I. BACKGROUND

The Court ordered putative next friend, Diana Melikyan, to show cause in writing why the instant petition should not be dismissed for lack of jurisdiction (Dkt. No. 6). She responded that next friend status is warranted because of Ashot's ongoing detention, communication barriers, and limited access to legal filings thwart his ability to pursue his habeas action on his own (*see* Dkt. No. 9). These reasons are insufficient to justify the first prong of next friend status.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted for Respondent Kristi Noem in this case. The Clerk of Court is **DIRECTED** to substitute this party on the docket sheet.

1

non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction. *Id.* (citing *Weber*, 570 F.2d at 514).

### III.  DISCUSSION

Next friend standing is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Rather, it is a *rare* designation premised on incapacity, such as mental incompetence or true inaccessibility to the courts. *Id.* at 163–64; *see also Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998) ("'[N]ext friend' habeas petitions are rare."). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (citations omitted). Diana does not rise to the occasion.

For starters, Ashot's ability to execute a declaration undercuts the contention that he cannot sign and file a habeas petition on his own (Dkt. No. 10-2). *See Laurencio Ricardo v. Warden, Geo Rio Garde Detention Center*, 5:25-cv-291, slip. op. at 3 (S.D. Tex. Jan. 29, 2026) (Garcia Marmolejo, J.) ("The mere fact [Real Party in Interest] filed the handwritten letter directly conflicts with [the] purported reason for filing the Petition on his behalf."). Further, Ashot's "detention as a general matter cannot be used to satisfy the 'adequate explanation' requirement. Every habeas corpus action necessarily involves a petitioner who is 'in custody.'" *Ceballo Garcia v. Warden of Diamondback Corr. Facility*,

No. CIV-26-710-PRW, 2026 WL 1165187, at *2 (W.D. Okla. Apr. 29, 2026); *see also Mesias v. Garland*, No. 3:26CV86 (DJN), 2026 WL 383795, at *1 (E.D. Va. Feb. 11, 2026) ("The simple fact that Petitioner is detained is insufficient to show that Petitioner cannot appear on his own behalf to prosecute the action."). Likewise, the "[i]nability to speak, read, or write in English is not typically considered an incurable bar to participation in legal proceedings. For instance, non-English-speaking criminal defendants participate in legal proceedings with the aid of translation." *Ceballo Garcia*, 2026 WL 1165187, at *2; *see also Tooke v. Noem*, No. 7:26-CV-38–WLS, 2026 WL 561047, at *1 (M.D. Ga. Feb. 27, 2026) (finding language hurdles insignificant in a next friend analysis as "most immigrants in detention likely face language . . . barriers").

Nor is the Court persuaded that Ashot's inaccessibility to legal resources is an adequate reason. Limited access to legal drafting does not equate to inaccessibility to the courts—particularly because the Administrative Office of the United States Courts provides a form habeas petition to federal detainees. *Ramirez v. Garland*, No. 3:25-CV-3300-S-BW, 2026 WL 599036, at *1 (N.D. Tex. Feb. 2, 2026) (noting that a habeas petitioner may file the appropriate form), *report and recommendation adopted*, No. 3:25-CV-3300-S-BW, 2026 WL 597849 (N.D. Tex. Mar. 3, 2026). This Court is not alone in seeing "numerous pro se petitioners in immigration custody seeking relief who face the same conditions as [Petitioner] and are able to litigate their petition." *Rosales Acosta v. Slosar*, No. 2:26-CV-233-KCD-NPM, 2026 WL 309230, at *1 (M.D. Fla. Feb. 5, 2026); *see also Torres v. Warden, Baker Cnty. Corr. Facility*, No. 3:26-CV-311-MMH-SJH, 2026 WL 467260, at *1 (M.D. Fla. Feb. 19, 2026) ("Indeed, many pro se petitioners in immigration custody face the same conditions as [Real Party in Interest] and have litigated their cases on their own.").

To the extent Petitioner's health related issues may limit his ability to prepare legal filings, the Court is without any evidence to substantiate the allegations. Absent proof, the Court cannot find that Ashot's health issues preclude him from prosecuting this habeas action on his own behalf. *Welsh ex rel. Wilson v. McLane*, No. A-20-CV-792-RP, 2020 WL 5865987, at \*1 (W.D. Tex. Oct. 1, 2020) (finding bare allegations of health issues insufficient without "documentation or other evidence supporting"); *Soto v. Sowell*, No. CV H-25-1362, 2025 WL 2822000, at \*3 (S.D. Tex. Oct. 3, 2025) (rejecting a detainee's health conditions when the detainee failed to offer proof).

Finally, Diana cannot use next friend status as a guise to engage in the unauthorized practice of law. *Weber*, 570 F.3d at 513–14; *see also Gonzales v. Sheriff of Hays Cnty.*, No. 1:26-CV-205-RP, 2026 WL 1195855, at \*2 (W.D. Tex. Apr. 30, 2026) (collecting cases). Indeed, Diana moved the Court beyond what is contemplated in § 2242 (Dkt. No. 10). It is important to note that "a next friend may not litigate the case beyond filing the petition." *Jiminez Leon v. Warden of Diamondback Corr. Facility*, No. CIV-26-137-PRW, 2026 WL 1034406, at \*3 (W.D. Okla. Apr. 16, 2026). Since the Court does not find that she met her burden to demonstrate next friend status, the Court is without jurisdiction to appoint counsel. *See Schreck by & through Schreck v. City of Amarillo*, No. 2:21-CV-220-Z-BR, 2021 WL 5178855, at \*3 (N.D. Tex. Nov. 8, 2021).

Because Diana fails to show that she may proceed as Ashot's next friend, the Court lacks jurisdiction to consider the § 2241 petition. *Burruss*, 2023 WL 319955, at \*4; *Wiley v. Texas*, No. 3:25-CV-922-D-BW, 2025 WL 1829835, at \*2 (N.D. Tex. June 24, 2025), *report and recommendation adopted*, No. 3:25-CV-0922-D, 2025 WL 1828716 (N.D. Tex. July 2, 2025).

## IV.   CONCLUSION

Accordingly, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. Diana's Motion for Appointment of Counsel (Dkt. No. 10) is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action. Additionally, the Clerk of Court is **DIRECTED** to **SERVE** a copy of this Order via any receipted means to:

Diana Melikyan
425 N Kenwood St., Apt. 4
Glendale, CA 91206

Ashot Arakelian
A-Number: 249-099-109
Webb County Detention Center
9998 U.S. Highway 83
Laredo, TX 78046

It is so **ORDERED**.

**SIGNED** June 2, 2026.

Marina Garcia Marmolejo
United States District Judge

5